IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| STEPHEN CORTEZ, JR. | § | |
| VS. | § | CIVIL ACTION NO. 9:23cv66 |
| SKYVIEW UNIT | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Stephen Cortez, Jr., an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Allegations

At the time plaintiff filed this lawsuit he was assigned to the Lewis Unit. He alleges that conditions at the Lewis Unit, and at the Skyview Unit where he was temporarily assigned, are not safe. Plaintiff states an officer called him a baby killer and yelled out confidential information he learned about plaintiff. The officer also told an inmate in the cell across from plaintiff that he would leave his handcuffs loose so he could attack plaintiff.

Plaintiff states he is only safe at the Stiles Unit. He seeks an injunction directing that he be placed in a safe environment.

Analysis

Under Article III of the United States Constitution, this court's jurisdiction is limited to the adjudication of actual cases and controversies. For there to be an actual controversy, the plaintiff

must have a legally cognizable interest, or a personal stake, in the outcome of the lawsuit. *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 1528 (2013). The doctrine of mootness, which is embedded in the case or controversy requirement, requires that an actual, ongoing controversy exist at all stages of federal court proceedings, not merely when the lawsuit is filed. *Burke v. Barnes*, 479 U.S. 361, 363 (1987). If an intervening circumstance deprives the plaintiff of the required personal stake in the outcome, the case can no longer proceed and must be dismissed as moot. *Symczyk*, 133 S.Ct. at 1528.

Plaintiff has informed the court of his transfer to the Stiles Unit. Plaintiff's transfer to the Stiles Unit renders his request for injunctive relief moot. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001); *Cooper v. Sheriff, Lubbock County, Texas*, 929 F.3d 1078, 1084 (5th Cir. 1991). Moreover, he describes the Stiles Unit as a safe environment. As plaintiff only seeks injunctive relief, this action should be dismissed without prejudice as moot.

## Recommendation

This civil rights lawsuit should be dismissed without prejudice as moot.

## Objections

Objections to this Report and Recommendation must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual

findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 13th day of May, 2024.

                                                       Zack Hawthorn
                                                      United States Magistrate Judge